PER CURIAM.
Defendant argues that the trial court committed reversible error in refusing to admit relevant evidence to support his misidentifi-cation defense during his trial for committing a lewd and lascivious act in the presence of a minor. Because of the importance of the right of the accused to present evidence in his own defense and our inability to conclude that the error was harmless, we reverse.
The victim was walking home in Lauder-dale-By-The-Sea when a vehicle operated by a male driver approached her. He asked her where the best beach was, and she pointed the way. Looking back, she saw that he was masturbating with his penis exposed, and immediately walked away. She testified that she saw an FSU “Seminóles” tag on his vehicle bearing the numbers “5 24JP” and the symbol of an Indian on the tag.
Some six months later, she saw the vehicle again and told her stepmother. One month still later, her stepmother and stepsister saw the vehicle and were able to see the license tag. They described the tag number as “S 24JP”. Her stepmother then told the victim that the license plate number she had given to the police was incorrect.
The automobile identified as “S24JP” was a 4-door blue vehicle, while the victim told the officers at the time of the incident that the man was driving a grey car. The officer who investigated the incident testified that the victim informed him that the car was a grey 2-door vehicle with a college plate. He later learned that all FSU plates begin with the letter “S” and that “5” and “S” bear a resemblance to each other on all license tags. The state also introduced reports from DMV showing that there was no record of a tag numbered “5 24JP”, but that tag number “S 24 JP” was registered to defendant.
At the close of the state’s case, the defense sought to introduce the records of two FSU license tags locally registered, one being “S42JP” and the other being “S29JP”. One belonged to a four door blue vehicle, and one was on a 4r-door silver vehicle. The state objected on the ground that there was no confusion by the victim of any numbers other than the first character and the difference between “5” and “S”. The court denied the request to admit the documents as not being relevant.
An accused has a right to present evidence in his own defense. Chambers v. Mississippi 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973). Here, appellant’s defense was misidentification. Before the ruling at issue, the testimony had already established that the victim had given a nonexistent license plate number to the police. The defense simply wanted to introduce evidence of other similar license tags to show how easily one could misread or transpose a number or a letter. As that was the only evidence sought to be introduced by the defense, the denial of its admission effectively left the defense with no evidence to present to the jury-
There were inconsistencies in the testimony concerning identification of defendant. Although the victim selected the defendant’s picture from a photo line-up and testified in court that she was certain that defendant *42 was the man who masturbated in front of her, her identification was qualified by her later statement to the effect that she did not “definitely” know appellant’s face. There were also variances between the description of the car that the victim supplied to the police and the photo of defendant’s car, as well as the clothing worn by the man in the car. Because of the conflicts and discrepancies in the testimony, we cannot conclude that the error was harmless beyond a reasonable doubt. See State v. DiGuilio, 491 So.2d 1129,1139 (Fla.1986).
REVERSED AND REMANDED FOR NEW TRIAL.
GUNTHER, C.J., and FARMER, J., concur.
WARNER, J., dissents with opinion.